**DARRYL DOWDELL**
*SUFFOLK HOUSE OF CORRECTION*
*20 BRADSTON STREET (UNIT 3-2)*
*BOSTON, MASSACHUSETTS 02118*

FILED
IN CLERKS OFFICE

2005 FEB -9 P 3: 10

U.S. DISTRICT COURT
DISTRICT OF MASS

February 4, 2005

Law Clerk, - U.S. Magistrate Joyce London Alexander
United States District Court
 For The District Of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210

RE: United States v. Darryl Dowdell
    Criminal Complaint No. 1:0-mj-00266-JLA-All

Dear Counselor:

    I am writing this correspondence pursuant to Title 18 USC § 3161 (i.e., demand for speedy trial rights).

    Inmate Legal here at South Bay has suggested that I contact your office since my case is before Magistrate Alexander.

    I'm also enclosing a copy of what I recently sent to the A.U.S.A. who is assigned to the case. I think you will find it somewhat interesting.

    More to the point, back in December of 2004 I filed the attached pleading with the Suffolk County Superior Court, after I learned the Suffolk County D.A.'s Office wanted to play games by using the "Long Arm" of the U.S. Attorney's office.

    Since by that time the case was almost four (4) years old, and violated every fiber of the Massachusetts Rules of Criminal Procedure, Rule 36, not to mention, constitutional rights under the state constitution, the attached **MOTION FOR EMERGENCY PROTECTIVE ORDER FROM SCANDALOUS ABUSE OF POWER** was filed under Mass.R.Crim.P. 16.

    I don't think the Magistrate will welcome this *"bowl of fish"*. The case should have never been dismissed in Suffolk Superior Court.

    The problem which has been created is the reality of pending litigation in both state and federal court, over "*garbage*" which now occurred almost five (5) years ago. In other words, the identical set of facts which gave rise to the state case, are the same used

-2-

as the basis for the instant complaint.

I hope you can assist in getting me before the Magistrate on the outstanding complaint, without any inordinate delay.

Your cooperation and assistance in this matter is greatly appreciated.

Sincerely yours,

Darryl Dowdell

Encl:

UNITED STATES OF AMERICA

MASSACHUSETTS

FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES v. DARRYL DOWDELL

Criminal Complaint No. 1:0-mJ-00266-JLA-All

## MOTION FOR SPEEDY TRIAL

The defendant in the above-entitled matter, and pursuant to Title 18 USC §3161, herewith respectfully requests that this Honorable Court grant him a speedy trial in the above numbered complaint. As grounds therefore, defendant is entitled to a speedy trial under state and federal law.

Respectfully submitted,
By the defendant,

Darryl Dowdell

Darryl Dowdell, 0401670
20 Bradston Street
Boston, MA. 02118

# CERTIFICATE OF SERVICE

I, Darryl Dowdell, hereby certify that a copy of the foregoing motion has been served on the Office of the United States Attorney, 1 Courthouse Way, Boston, MA 02210, by first class mail, postage prepaid, this ___ day of February 2005.

Signed: Darryl M. Dowdell

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss                                                         Superior Court Department
                                                                    Indictment No. 2002-10281

**COMMONWEALTH**

-vs-

**DARRYL DOWDELL,**
Defendant

---

**MOTION FOR EMERGENCY PROTECTIVE ORDER FROM
SCANDALOUS ABUSE OF POWER IN NATURE OF
INTENDED NOLLE PROSEQUI**

---

*Now Comes*, Darryl Dowdell, the defendant in the above-entitled matter, and pursuant to Mass.R.Crim.P. 16, 36, and The Massachusetts Rules of Professional Responsibility, Rule 3:8, inclusive, <u>Commonwealth v. Dascalakis</u>, 264 Mass. 12, 140 N.E. 470 (1923), herewith respectfully moves this honorable court for a **PROTECTIVE ORDER** against certain conduct by the District Attorney's Office which this court should find **unethical, unconstitutional, and illegal**.

Specifically, defendant seeks this court's protection against the intended **<u>Nolle Prosequi</u>** by the prosecution of the underlying action, on the grounds that same would rise to scandalous abuse of authority under Mass.R.Crim.P. 16, and run afoul of Articles X and XI of the Massachusetts Declaration of Rights, where the prosecution as part of retaliation for the exercise by defendant of his constitutional rights under the State Constitution, has sought the aide of the United States Attorney's Office for the purpose of indicting defendant on the federal level, for the same events and transactions giving rise to the instant action, solely because defendant refuses to cooperate in an unrelated matter.

More to the point, because defendant "***<u>won't rat on who shot him, due to fear of harm to himself and family members</u>***", defendant has been advised by counsel that they

-2-

(the D.A.'s Office) are going to "have ***the FEDS indict you so that you'll talk one way or the other***". Needless to say that reeks of retaliation, not to mention blatant unconstitutional misconduct.

In support thereof defendant states as follows:

1. On April 2, 2002 defendant was arraigned in the underlying matter before Judge Magistrate Wilson.

2. For the next seven (7) months no progress was made on the excuse no D.A. was available.

3. Counsels for defendant have failed to protect defendant's rights under Mass.R.Crim.P. 36, and have failed to file any discovery motions.

4. Since April 2, 2002, this case has constantly been continued from one date to another, without formal objections by counsels.

5. All counsels assigned to represent defendant have consistently implored defendant, on behalf of the D.A.'s Office, to act as a "**rat**" in the unrelated matter involving the question by whom defendant was shot on a previous occasion.

6. In fact as demonstrated by Exhibits "**A through E**", the Commonwealth at the outset of the underlying case was seeking to dispose of this case, based on defendant's cooperation relative the investigation into his shooting.

7. Towards such ends the Commonwealth ventured to the extent of forcing defendant to testify before the Grand Jury investigating his shooting.

8. When defendant testified that he didn't know who shot him, the D.A. in the presence of the Grand Jurors literally flipped, yelling at defendant that he was a liar. Counsel in response thereto advised defendant that the D.A. construed this event as **caus bellum**, and to prepare for the unexpected.

-3-

9. That **caveat** proved to be on point, in light of what defendant has just learned, and which is the basis for defendant seeking a **PROTECTIVE ORDER**.

10. As demonstrate by **Exhibit "F"**, defendant has been advised by present counsel that he has been indicted by the FEDS for the same events and transactions giving rise to the underlying pending indictment, and that the D.A.'s Office will therefore file a **Nolle Prosequi** on or about December 17, 2004.

11. The sole basis for this "**Slim-Ball Tactic**" rests with defendant's failure to have cooperated with the D.A.'s Office in the unrelated matter regarding his shooting. In other words, they (the D.A.'s Office) went to the U.S. Attorney's Office, seeking the status and force of that office with the exclusive purpose of getting from defendant what they want one way or another.

12. This sort of conduct clearly reeks of retaliation, and raises serious questions as to how far the Suffolk County D.A.'s Office can venture, before stepping over the line of both ethical and constitutional limitations under our Massachusetts Declaration of Rights, The Massachusetts Supreme Judicial Court Rules, Governing The Practice Of Law And Prosecutorial Functions, and State – Federal Comity. Stated more candidly, "***WHERE THE HELL DO WE DRAW THE LINE***".

13. Even the FEDS recognize there are limitations to this sort of prosecutorial misconduct. Cf. United States v. Cafiero, 292 F.Supp.2d 242 (D.Mass 2003), United States v. Dwyer, 287 F.Supp.2d 82 (D.Mass 2003) (both cases hold that a defendant can state a claim under the 5th Amendment, as to prosecutorial retaliation for the exercise of protected rights, and can seek the right to discovery as to the validity of any such claim).

14. That is exactly what this defendant wants this court to do. Have the D.A.'s Office explain how a case almost four (4) years old (from the date of original arrest) winds up being taken over by the FEDS at their behest. Defendant sincerely believes that any honest and impartial jurist, ensuing smelling the reek which permeates this case, will

-4-

conclude something serious stinks, and that the D.A.,'s Office has got some explaining to do, under the standards of our Massachusetts Supreme Judicial Court, not the United States Supreme Court, never mind, our rights as citizens of this Great Commonwealth, which defendant never understood until this battle.

**WHEREFORE**, in light of the foregoing facts, your defendant respectfully moves that this Honorable Court issue a **PROTECTIVE ORDER** precluding the summary **Nolle Prosequi** of the instant matter by the District Attorney's Office, until a hearing has been conducted into the allegations raise herein by the defendant, and that this court's Order be forwarded to the U.S. Attorney's Office to protect the defendant from any additional "Slime-Ball Tactics".

Respectfully submitted,

_____
Darryl Dowdell
South Bay (Unit 3-2)
20 Bradston Street
Boston, Massachusetts 02118
Dated: December 10, 2004

### CERTIFICATE OF SERVICE

I, Darryl Dowdell, hereby certify that a copy of the foregoing motion has been served on the Office Of The District Attorney For Suffolk County, One Bulfinch Place, Boston, Ma. 02114-2997, by first class mail, postage prepaid, this 10th day of December, 2004.

_____
Darryl Dowdell
